IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RONALD LEE SMITH,                )
                                 )
              Petitioner,        )
                                 )
         v.                      )    1:11CV293
                                 )
JOSEPH B. HALL,                  )
                                 )
              Respondent.        )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) In January 2002, in the Superior Court of Guilford County, Petitioner was convicted after a jury trial of first-degree kidnapping, second-degree kidnapping, assault with a deadly weapon with intent to kill inflicting serious injury, two counts of common-law robbery, felonious breaking and entering, and possession of a firearm by a felon. See State v. Smith, 160 N.C. App. 107, 110, 113, 584 S.E.2d 830, 832, 834 (2003). He then pled guilty to habitual felon status and attempted felonious escape. (See Docket Entry 5, Ex. 1.) Petitioner received a total sentence in excess of 50 years in prison. (See id.)

Petitioner filed a direct appeal, but by order dated September 2, 2003, the North Carolina Court of Appeals found no error in the judgments appealed. Smith, 160 N.C. App. at 124, 584 S.E.2d at 841. In the direct appeal section, the Petition reflects a check in the box for "Yes" as to whether Petitioner sought "further

review by a higher state court," describes that higher court as "N.C. Supreme," identifies the "grounds raised" as "habitual felon plea involuntary," and reports the result as "denied." (Docket Entry 1, § 9(g).) The Petition further bears a check in the box for "No" as to whether "other than the direct appeals listed above [he] previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court." (Id. § 10.) The actual denial by the North Carolina Supreme Court reflects that the filing Petitioner made with that court did not constitute part of the direct appeal process, but instead a collateral motion filed on February 15, 2011, in which Petitioner sought "Review of Habitual Felon Guilty Plea," and which that court denied on March 10, 2011. State v. Smith, ___ N.C. ___, ___, 706 S.E.2d 477, 478 (2011).

Petitioner then filed his instant Petition with this Court which he dated as signed and mailed on April 14, 2011, and which the Court stamped as filed that same day. (Docket Entry 2.) Respondent has now moved to have the Petition dismissed. (Docket Entry 4.) Petitioner has responded in opposition. (Docket Entries 7, 8.)

## **Petitioner's Claim**

Petitioner raises only a single claim for relief in his Petition: that the habitual felon indictment did not properly charge the elements of the offense and the record lacks evidence he "was warned in court by [a] judge." (Docket Entry 2, § 12, Ground One.)

-2-

**Discussion**

Respondent requests dismissal on the ground that the Petition was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) <u>the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review</u>;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case.[1]

---

[1] At one point in his brief opposing Respondent's instant Motion to Dismiss, Petitioner does use the heading "Newly Discovered Evidence." (Docket Entry 8 at 2.) However, he follows that heading with a listing of what he identifies as the elements of a habitual felon charge in North Carolina. (<u>Id.</u>
(continued...)

-3-

As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended.

Here, Petitioner's convictions became final on direct review when he did not timely file a notice of appeal or petition for discretionary review with the North Carolina Supreme Court following the North Carolina Court of Appeals' denial of his direct appeal on September 2, 2003. North Carolina law dictates that the time for such action passed 35 days later, or October 7, 2003. See Harb v. Keller, No. 1:09CV766, 2010 WL 3853199, at *2-5 (M.D.N.C. Sept. 28, 2010) (unpublished). Petitioner's year to file in this Court then began to run on October 7, 2003, and expired one year later on October 7, 2004, without his having filed a habeas petition.

As noted above, Petitioner did later file a motion seeking relief from the North Carolina Supreme Court on February 15, 2011. Moreover, attempts at collateral relief in the state court toll the limitations period imposed by § 2244. However, Petitioner did not file his collateral motion with the North Carolina Supreme Court until after the time for filing in this Court had already expired. State court filings made after the limitation period in

---

[1](...continued)
at 2-3.) Such matters do not constitute "newly discovered evidence."

§ 2244(d)(1) has expired do not revive or restart the time to file in this Court. Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). The Petition thus was filed out of time.

Petitioner has put forth nothing to dispute the analysis just set out or to show that his Petition was timely under § 2244(d)(1). However, he does insist that the Court should hear his Petition because he was actually innocent of the habitual felon charge. (Docket Entry 2, § 18.) Generally, claims of actual innocence operate procedurally as an adjunct to an independent constitutional violation in the state proceedings that permits a federal court to consider the constitutional claim even though a procedural default otherwise would preclude review. See Schlup v. Delo, 513 U.S. 298, 315 (1995).

Petitioner faces a further challenge because Respondent has not simply interposed a procedural bar, but rather has asserted a statute of limitation defense under 28 U.S.C. § 2244(d)(1). Neither the United States Supreme Court nor the Fourth Circuit have recognized an actual innocence exception in this context. Other federal courts of appeals have divided over this issue. Compare Souter v. Jones, 395 F.3d 577, 597-601 (6th Cir. 2005) (allowing equitable tolling of statute of limitation based on showing of actual innocence under Schlup standard), with Escamilla v. Jungwirth, 426 F.3d 868, 871-72 (7th Cir. 2005) (ruling that actual innocence has no bearing on time-bar).

Even if Petitioner's invocation of the phrase "actual innocence" could have some bearing on the time-bar issue, he has

failed to make the requisite showing. To demonstrate actual innocence, a petitioner must identify "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup, 513 U.S. at 324. That evidence must demonstrate the "'conviction of one who is actually innocent.'" Id. at 327 (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). Thus, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. Moreover, a petitioner must show factual innocence and not merely legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998).

Petitioner has produced no evidence of innocence at all, but only legal conclusions regarding the elements of the habitual felon offense. He has not even asserted his innocence as to the predicate felonies associated with his habitual felon judgment. His argument is purely legal, not factual. Therefore, Petitioner cannot meet the standards for actual innocence.[2] His Petition is not timely and Respondent's motion to dismiss should be granted.

---

[2] Further, Petitioner has not shown that he acted sufficiently diligently in pursuing his challenge to his habitual felon conviction. The absence of such a showing also precludes equitable tolling of the limitations period. See, e.g., Holland v. Florida, 560 U.S. ___, ___, 130 S. Ct. 2549, 2565 (2010).

-6-

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 4) be granted, that the Petition (Docket Entry 2) be denied, and that Judgment be entered dismissing this action.

                                               /s/ L. Patrick Auld
                                                   **L. Patrick Auld**
                                      **United States Magistrate Judge**

Date: March 4, 2013